IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GARLAND WILLIAM DRISKILL,   )
                            )
        Plaintiff,          )
                            )
v.                          )   Case No. CIV-18-173-RAW-KEW
                            )
COMMISSIONER OF SOCIAL      )
SECURITY ADMINISTRATION,    )
                            )
        Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Garland William Driskill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 56 years old at the time of the ALJ's decision.

Claimant completed his high school education. Claimant worked in the past as a machinist. Claimant alleges an inability to work beginning January 1, 2015 due to limitations resulting from diabetes with neuropathy, COPD, and hepatitis.

## Procedural History

On April 21, 2015, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 7, 2016, Administrative Law Judge ("ALJ") Kenton W. Fulton conducted an administrative hearing by video with Claimant appearing in Ardmore, Oklahoma and the ALJ presiding from Oklahoma City, Oklahoma. On April 7, 2017, the ALJ issued an unfavorable decision. On April 6, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity

4

("RFC") to perform medium work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in reaching an RFC which was not supported by substantial evidence.

## RFC Assessment

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, COPD, and hepatitis. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform medium work except he suffered from the non-exertional limitation to avoid concentrated exposure to fumes/odors/dusts/gases/and poor ventilation. (Tr. 16).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of hand launderer, package sealer, and meat clerk, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 19). As a result, the ALJ found Claimant was not under a disability since April 21, 2015, the date that the application for benefits was filed. Id.

Claimant contends the ALJ's RFC assessment was flawed because he failed to state Claimant's capacities for the tasks involved at various exertional levels – tasks such as lifting, carrying,

5

standing, and walking. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

Additionally, "SSR 96-8p, . . . requires separate consideration 'of seven strength demands: i.e., sitting, standing, walking, lifting, carrying, pushing, and pulling.' 1996 WL 374184,

6

at *5." Alexander v. Barnhart, 74 F. App'x 23, 28 (10th Cir. 2003). The ALJ must complete the required function-by-function assessment. Id. citing 1996 WL 374184 at *3. "[T]he RFC must not be expressed initially in terms of the exertional categories of sedentary, 'light' 'medium,' 'heavy,' and 'very heavy' work." Id. citing Soc. Sec. R. 96-8p, 1996 WL 374184, at *3.

In this instance, while the ALJ cited to various medical records and Claimant's own testimony, he did not engage in the required functional analysis to specifically determine the limitations caused by Claimant's impairments. This Court expressly rejects Defendant's argument that citations to the findings of Dr. Feist, a consultative examining physician, cures deficiencies in the analysis or was sufficient to buttress the ultimate conclusion of the ALJ despite the lack of a function-by-function assessment. The ALJ cannot obliquely engage in the required analysis by proxy with reference to a physician's opinion. On remand, the ALJ shall engage in the analysis required by Soc. Sec. R. 96-8p and set forth his findings in the RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

7

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case be REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma